UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LISA SACRAMONE

       v.                                   3:00CV1454 HBF

OKEMO MOUNTAIN, INC.
d/b/a Okemo Mountain Resort

RULING ON BILL OF COSTS

On December 11, 2002, judgment entered for the defendant after a jury trial. On January 15, 2003, the defendant submitted a Bill of Costs and on January 24, 2003 and objection was filed by the plaintiff. The defendant filed a reply on February 3, 2003. On February 27, 2003, a Mandate dismissing the appeal was entered by the U.S. Court of Appeals for the 2nd Circuit. The judgment of the U.S. District Court is now final and the defendant's bill of costs is now ripe for decision. For the reasons stated below, the defendant's bill of costs is granted in part and denied in part.

A. FEES OF THE CLERK: The defendant submits a claim for fees of the clerk in the amount of $150.00. The filing fee for the petition for removal in the amount of $150.00 is allowed pursuant to 28 U.S.C. § 1920 and Local Rule 54(c)1. Costs are entered in the amount of **$150.00.**

B. FEES OF THE STATE MARSHAL: The defendant submits a claim for fees for service in the amount of $105.40. The supporting documentation to this claim references service of a subpoena on March 26, 2002, and the Clerk would note that

this case was a removal from State Court which does not require service by a State Marshal and also that the case was removed on August 3, 2000, therefore this claim is disallowed.

B. FEES FOR COURT REPORTER: Defendant is entitled to costs for an original and one copy of the transcript and any court reporter attendance fees, to be taxed at the prevailing page rate pursuant to Local Rule 80.  Pursuant to Vol VI, Chap. XX of the "Guide to Judiciary Policies and Procedures", maximum transcript rates for an original and one copy are $3.75 per page.  Postage and handling and charges for delivery of transcripts are not recoverable as costs, Wahl v. Carrier Mfg. Co., Inc. 511 F.2d 209, 217 (7$^{th}$Cir., 1975).  Condensed, ASCII disk, expedited or daily transcripts are also not recoverable as costs.  Deposition transcripts are taxable if used at trial in lieu of live testimony, for cross-examination, for impeachment or in support of a successful motion for summary judgment pursuant to Local Rule 54(c)2.(ii).

The defendant does not submit an itemized list of the transcripts obtained, therefore the Clerk attempts to make a determination from the supporting documentation submitted.

The defendant submits a claim for obtaining trial transcripts from the Clerk, U.S. District Court in the amount of $60.00.  There is no indication what trial transcript copy could have been obtained, as the Clerk does not prepare transcripts, therefore this cost is disallowed without prejudice to renewal within 10 days upon a showing of what exactly was obtained, page count, and page rate.

The defendant submits a claim for the deposition transcript of Richard Diana,

M.D. in the amount of $192.13. The court records reflect that Dr. Diana testified at trial through a videotaped deposition and this transcript would have likely been obtained for use during the trial. Therefore this claim is allowed, but is reduced to $183.65 for the reasons stated in paragraph one of section B. of this ruling.

The defendant submits a claim for a transcript of excerpts of the trial in the amount of $818.32. The plaintiff objects to this claim, and for the reasons stated in the plaintiff's objection this claim is disallowed.

The defendant submits a claim for a transcript of the expert testimony of Helge Lien in the amount of $912.13. Helge Lien testified at trial and it is likely that the transcript would have been used during the trial and therefore is allowed, but is reduced to $810.90 for the reasons stated in paragraph one of section B. of this ruling.

The defendant submits a claim for the deposition transcript of John Carrick in the amount of $684.23. John Carrick did not testify at trial, therefore this cost is disallowed without prejudice to renewal within 10 days upon a showing of why it was not necessarily obtained for the convenience of counsel.

The defendant submits a claim for the deposition transcript of Lisa Ann Sacramone in the amount of $580.35. Lisa Sacramone testified at trial and it is likely that the transcript would have been used during the trial and therefore is allowed, but is reduced to $572.93 for the reasons stated in paragraph one of section B. of this ruling.

The defendant submits a claim for the deposition transcript of Frank Sacramone in the amount of $368.88. Frank Sacramone testified at trial and it is likely that the transcript would have been used during the trial and therefore is allowed, but is

reduced to $361.46 for the reasons stated in paragraph one of section B. of this ruling.

The defendant submits a claim for the deposition transcript of Bruce Schmidt in the amount of $200.08.  Bruce Schmidt did not testify at trial therefore this claim is disallowed without prejudice to renewal within 10 days upon a showing of why it was not necessarily obtained for the convenience of counsel.

The defendant submits a claim for the deposition transcript of Jude Kravitz in the amount of $431.42.  Jude Kravitz testified at trial and it is likely that the transcript would have been used during the trial and therefore is allowed, but is reduced to $391.14 for the reasons stated in paragraph one of section B. of this ruling.

The defendant submits a claim for the deposition transcript of Robin Mann in the amount of $343.18.  The deposition transcript was read into the record, therefore this claim is allowed, but is reduced to $302.90 for the reasons stated in paragraph one of section B. of this ruling.

Costs are entered in the amount of **$2,663.26.**

C. FEES FOR COPIES: The cost of one copy of documents admitted into evidence in lieu of the originals is allowed pursuant to Local Rule 54(c)3.(i).  The defendant submits a claim for copies in the amount of $6,488.99.  Within this claim there is a claim in the amount of $48.80 for a copy of ANSI B-77.   Based on the plaintiff's representation in their reply, that this was used as an exhibit at trial, and confirmation from the marked exhibit list, this cost is allowed.  The clerk would note that $2,878.61 of this claim is noted for costs of enlarging photographic exhibits and diagrams for trial and that portion is disallowed pursuant to Local Rule 54(c)5.   There

is a portion of this claim for videotapes and although the marked witness list indicates there was a videotaped deposition of Dr. Diana presented, the Clerk can not ascertain from the supporting documentation if this is the videotape that was copied or used. The supporting documentation for this claim, although voluminous, does not indicate what was copied or how copies were used at trial in lieu of originals.  This claim is disallowed, with the exception of $48.80 for copy of PX 20, without prejudice to renewal within 10 days upon submission of an itemization of what was copied, the cost per page, the number of pages and what was the use at trial.
Costs are entered in the amount of **$48.80**.

    D. FEES FOR WITNESSES: Witness fees are taxable when the witness has actually testified or was necessarily in attendance at trial and whether or not the witness voluntarily attended or was present under subpoena pursuant to Local Rule 54(c)4.(i).  The defendant submits claims for witness fees for Jude Kravitz-3/5/02, in the amount of $1,450.00 and 12/16/02, in the amount of $5,150.00.  The Clerk will note that it appears from supporting documentation that Mr. Kravitz was deposed on 11/08/02 and the marked witness list indicates he testified at trial on 12/9/02.  The statutory attendance fee of $40.00 per day may be allowed, although the supporting documentation does not reflect that amount was paid.  Therefore, this claim is disallowed without prejudice to renewal within 10 days upon submission of further supporting documentation.

    The defendant submits a claim for witness fees for Mountain Management-12/9/02, in the amount of $2,782.70.  The supporting documentation does not reflect

what witness this claim pertains to and therefore, this claim is disallowed without prejudice to renewal within 10 days upon submission of further supporting documentation.

The defendant submits a claim for witness fees for Bruce Schmidt in the amount of $936.39. Mr. Schmidt did not testify at trial and therefore this claim is disallowed.

The defendant submits a claim for witness fees for Richard Cariddi in the amount of $439.39. Mr. Cariddi testified at the trial on 12/9/02, an may be entitled to the statutory witness fee of $40.00, however, the supporting documentation does not reflect that it was paid. Further, the only supporting documentation referencing Mr. Cariddi is dated 11/10/03, and is in the amount of $305.00. Therefore, this claim is disallowed without prejudice to renewal within 10 days upon submission of further supporting documentation.

The defendant submits claims for witness fees for Mary Hoyne in the amount of $175.95 and Robert Brandt in the amount of $117.49. Although both of these witnesses testified at the trial on12/9/02, and may be entitled to the statutory witness fee of $40.00, the supporting documentation does not reflect that it was paid. The supporting documentation (copies of various receipts) does not identify the person who may have to be reimbursed for other expenses and further, the dollar amount claimed does not match the supporting documentation. Therefore, this claim is disallowed without prejudice to renewal within 10 days upon submission of further supporting documentation.

The defendant submits a claim for witness fees for Robin Mann in the amount of

$1,014.00. This claim is for an airline ticket for Robin Mann to attend the deposition on 1/25/02. The plaintiff objects to this claim based unknown coach fare rate, but the supporting documentation shows "economy class" and this rate would be the same as "coach fare rate" which is allowed pursuant to Local Rule 54 (c)4.(iii). Since the deposition was used in lieu of live testimony, this claim is allowed in the amount of $1,014.00.

    The defendant submits a claim for witness fees for Carrick Engineering Corp. in the amount of $1,980.82. The clerk can only assume that this is for a witness identified on the marked witness list, Jonathan Carrick, who did not testify at trial and therefore, this claim is disallowed.

    The defendant submits a claim for witness fees for Robson Lapina, Inc. in the amount of $1,643.30. The Clerk assumes from the marked witness list identifying Helge Lien, P.E. with the address of Robson Lapina, that this submission is as to witness Helge Lien. The supporting documentation to this claim is a letter with some itemization of expenses of Helge Lien, P.E. for an appearance at a deposition, but that itemization does not reflect the number of miles traveled and does not have supporting receipts for lodging or tolls claimed. There is an attendance fee for 5 hours at $275. per hour for a total of $1,375.00. Since the deposition transcript is a taxable cost, the $40.00 statutory attendance fee would be allowed. Therefore, this claim is allowed in the amount of $40.00, but is further disallowed without prejudice to renewal within 10 days upon submission of further supporting documentation.

Costs are entered in the amount of **$1,054.00**.

F. SUMMARY: For the reasons previously stated, the defendant's bill of costs are allowed as follows:

| | |
|---|---|
| Fees of the Clerk | $   150.00 |
| Fees of the Court Reporter | $2,622.98 |
| Fees for Copies | $     48.80 |
| Fees for Witness | $1,054.00 |
| Total | $3,875.78 |

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated at Bridgeport, Connecticut, this 19th day of August, 2004.

                                                KEVIN F. ROWE, Clerk

                                                By       /s/ Chrystine W. Cody
                                                           Deputy-in-Charge