UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LISA SACRAMONE                                    :
                                                  :
            Plaintiff                             :
V.                                                : CIVIL ACTION NO.
                                                  : 3:00CV1454 (HBF)
OKEMO MOUNTAIN, INC.                              :
d/b/a Okemo Mountain Resort                       :
                                                  :
            Defendant                             : SEPTEMBER 2, 2004

## RENEWAL, IN-PART, OF BILL OF COSTS

Pursuant to Local Rule 54(d) of the Federal Rules of Civil Procedure, Defendant, Okemo

Mountain, Inc. ("Defendant" or "Okemo"), respectfully submits the following information to the Court to

further substantiate reimbursement of Defendant's Bill of Costs.   This information is submitted in

response to the Court's Ruling on Bill of Costs, dated August 19, 2004 (the "Ruling").

### Deposition Fees

1. The Deposition of John Carrick

"Section B. Fees For Court Reporter," Paragraph 7, of the Ruling addresses the deposition of

John Carrick.  Mr. Carrick was a liability expert who was disclosed by plaintiffs in this action.

Defendant deposed Mr. Carrick out of necessity, not convenience, in order to properly prepare the

defense of this matter.  In light of the testimony elicited at Mr. Carrick's deposition, plaintiff chose not to

utilize the services of Mr. Carrick at trial, instead relying solely on Helge Lien.[1]  In its Bill of Costs,

Defendant submitted a claim for the deposition transcript of John Carrick in the amount of $684.23.

Because John Carrick was deposed out of necessity, not convenience, the cost of the deposition

transcript is a taxable cost and should be awarded in this instance.  See Local Rule 54(c)2(ii).

Defendant should not be prejudiced by the mere fact that Mr. Carrick did not testify at trial, when the

fact remains that the deposition would not have been taken but for the disclosure of Mr. Carrick as an

expert by plaintiffs.  This deposition fee is a properly taxable cost.  It should be treated the same way as

that of Helge Lien, plaintiff's other liability expert.

2.  The Deposition of Bruce Schmidt

"Section B. Fees For Court Reporter," Paragraph 10, of the Ruling addresses Defendant's

claim for the deposition transcript of Bruce Schmidt.  Defendant submitted a claim for the deposition

transcript of Bruce Schmidt in the amount of $200.08.  Mr. Schmidt is Okemo's General Manager.  He

was deposed by plaintiff's counsel during the discovery phase of the case.  While he was not called to

testify at trial, the fact remains that he was deposed by plaintiff, and the expense of the deposition

transcript was necessary to the defense of the case, not a mere convenience to defense counsel.   If

plaintiff had not chosen to take this deposition, the expense would not have been incurred.  Defendant

should not have to pay for this transcript.  See Local Rule 54(c)2(ii).

---

[1] Mr. Carrick did, however, remain on plaintiff's witness list, submitted as part of the Joint Trial Memorandum. Accordingly, not knowing whether Mr. Carrick would appear to testify at trial, Defendant had no choice but to prepare to defend against the testimony of Mr. Carrick at trial.

HFD_140516_1/SPALADINO

**Witness Fees**

The Court has disallowed the witness fees in connection with Jude Kravitz, Mountain Management, Inc., Bruce Schmidt, John Carrick, and Robson Lapina, Inc.   Defendant renews its request for these fees.

      1.  Jude Kravitz

Ms. Kravitz served as Defendant's liability expert, and her attendance at her deposition and trial were necessary.   Defendant had previously submitted substantiation for Ms. Kravitz's fees and relies thereon.  See Local Rule 54(c)(i)-(iii); see also Exhibit A attached hereto.

      2.  Mountain Management, Inc. – Chris Stoddard

Mountain Management, Inc.'s fees relate to the presence of its principal, Chris Stoddard, who was present in court to serve as a possible rebuttal witness.  It was anticipated that Helge Lien would testify concerning his interpretation of Mr. Stoddard's book relating to chair lift operations.  This was expected because an opinion to this effect was contained in Helge Lien's expert report.  Mr. Stoddard was present in court to rebut any such testimony by Mr. Lien; however, Mr. Lien did not ultimately address this particular issue at trial, and so Mr. Stoddard was not, in fact, used as a trial witness. Nonetheless, Mr. Stoddard's presence in court was necessary to the proper defense of this matter. See Local Rule 54(c)(i)-(iii).  See Exhibit B attached hereto.

      3.  Bruce Schmidt

Bruce Schmidt was necessarily in court for the trial, as Okemo's representative.  He was in court at all times during the case.  He was deposed by plaintiff's counsel during the discovery phase of

HFD_140516_1/SPALADINO

the case, and Defendant anticipated that Mr. Schmidt could be called to testify at trial.  His presence in court was necessary to the defense of the case.  See Local Rule 54(c)4.  See Exhibit C attached hereto.

    4.  John Carrick

As is set forth above, Mr. Carrick was one of plaintiff's liability experts.  He was on plaintiff's trial witness list.  Defendant should not be forced to incur any fees or costs related to his deposition testimony in this instance.  Mr. Carrick's deposition is a taxable cost, pursuant to Local Rule 54(c)2, and so his witness fees, including mileage and subsistence, are also taxable costs.  See Local Rules 54(c)4 and 54(c)2(ii).  Defendant has attached Mr. Carrick's invoice, which reflects his travel expenses and time charged.  See Exhibit D attached hereto.

    5.  Robson Lapina, Inc.

The Court has disallowed the costs requested in connection with the witness fees of plaintiff's liability expert, Helge Lien.  The basis for this denial is that the paperwork provided by Mr. Lien to support his travel expenses was inadequate.  It is fundamentally unfair for the Court to penalize Defendant for Mr. Lien's inadequate travel documentation.  Mr. Lien was plaintiff's witness.  Defendant had no control over Mr. Lien and had no ability to obtain better documentation from him.  Notwithstanding this, Mr. Lien's invoice shows that he traveled from Lancaster, Pennsylvania to Hartford, Connecticut for his deposition, charging defendant $202.58 for mileage, alone.  See Robson Lapina invoice attached hereto as Exhibit E, attached hereto.  Defendant is out-of-pocket for the witness fees necessarily paid to Mr. Lien, and these fees are properly, and fully, reimbursable at this

time.  Mr. Lien is based in Lancaster, Pennsylvania.  His subsistence expenses and mileage are taxable

pursuant to Local Rule 54(c)4(ii)‑(iii).

WHEREFORE, Defendant respectfully renews the Bill of Costs previously submitted in

connection with this matter.  Defendant requests that the Court reconsider its ruling on the Bill of Costs,

awarding additional costs, as set forth above.

<div style="margin-left: 50%;">

THE DEFENDANT
OKEMO MOUNTAIN, INC.


By:    /s/ Charles F. Gfeller
    Mark B. Seiger (ct 05580)
    mseiger@edwardsangell.com
    Charles F. Gfeller (ct 18119)
    cgfeller@edwardsangell.com
    Edwards & Angell, LLP
    90 State House Square, 9th Floor
    Hartford, CT 06103
    (860) 525-5065
    (860) 527-4198 *facsimile*

</div>

## CERTIFICATION

This is to certify that on this 2nd day of September, 2004, a copy of the foregoing was sent, via first-class mail, postage prepaid, to:


Andrew S. Groher
William R. Davis
RisCassi and Davis, P.C.
131 Oak Street
P.O. Box 261557
Hartford, CT  06126-1557


      /s/ Charles F. Gfeller
Charles F. Gfeller

HFD_140516_1/SPALADINO