2004 SEP -9  A 11: 25

### UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA SACRAMONE | : | |
| V. | : | CV NO. 3:00cv1454 (HBF) |
| OKEMO MOUNTAIN, INC. d/b/a OKEMO MOUNTAIN RESORT | : | SEPTEMBER 8, 2004 |

### PLAINTIFF'S RENEWED OBJECTION TO DEFENDANT'S BILL OF COSTS

**I.     PRELMINARY STATEMENT**

The plaintiff hereby objects to the Defendant's renewal of several items in its previously submitted bill of costs for the reasons that it is not timely filed nor does it provide the additional information requested by the court.

**II.     ARGUMENT**

**A.     The Defendant's Renewal of its Bill of Costs is Untimely**

In its ruling on the defendant's Bill of Costs, the court opened the door to the defendant to renew its bill of costs as to certain items that were being disallowed for lack of appropriate supporting documentation.  The court specified in its ruling that any such renewal must be filed within 10 days of its ruling and must include additional information supporting each disallowed item.   The defendant has failed to comply with both of these requirements.

The court issued its ruling on August 19, 2004.  The defendant did not file its Renewal until September 2, 2004, 14 days later.  Clearly, the defendant has failed to preserve its right to have the court reconsider its ruling by failing to file within the time limit specified in that ruling.  For this reason alone, the court must deny the defendant's request for renewal of its bill of costs.

**B.     The Defendant Has Failed to Comply With the Court's Order to Provide Support for its Bill of Costs**

In addition to filing its renewal late, the defendant has failed to give the court any additional information to substantiate its claim for reimbursement of these claimed expenses.  The defendant has asked the court to reconsider its ruling on the following items of its Bill of Costs: deposition fees for John Carrick and Bruce Schmidt and witness fees for Jude Kravitz, Chris Stoddard, Bruce Schmidt, John Carrick and Robson Lapina.  In support of its request, the defendant has simply submitted the same documentation that was submitted in support of the original Bill of Costs and re-iterated the same arguments that the court has already ruled upon.  For this reason the defendant's renewal must be denied.

**Deposition Fees**

1.     The Deposition of John Carrick

2

In its renewal, the defendant argues that the deposition of Mr. Carrick was taken because he had been disclosed as an expert by the plaintiff. This is exactly the same argument put forth by the defendant in its Reply to Plaintiff's Objection to Defendant's Bill of Costs (Reply), dated February 3, 2003. (See Defendant's Reply, pages 2-3). This argument has already been considered and rejected by the court and the defendant has failed to give the court any new, or additional, information upon which the court can conclude that this cost is properly taxed to the plaintiff.

    2.    The Deposition of Bruce Schmidt

As the court's ruling points out, Mr. Schmidt did not testify at trial. He did not testify at trial because he was not a witness to any of the events at issue in the case. The sole reason that his deposition was taken was because he was the one who prepared the defendant's responses to the plaintiff's interrogatories. At the time of his deposition, he was unable to provide any testimony that was material to the issues involved in the plaintiff's allegations or the defendant's defenses. At not time was he listed as a potential witness by the plaintiff or the defendant, and, as the court pointed out, he did not testify during the trial. If the defendant felt obliged to order a copy of his deposition testimony, it could only have been because he was its designated representative and for convenience of its counsel.

RISCASSI & DAVIS, P. C.   •   ATTORNEYS-AT-LAW   •   131 OAK STREET   •   P. O. BOX 261557   •   HARTFORD, CT 06126-1557   •   (860) 522-1196

## Witness Fees

      1.     Jude Kravitz

In its ruling the court specifically considered the defendant's submission regarding this witness and disallowed the claim because the defendant had failed to provide sufficient documentation showing payment of the statutory fees. In its Renewal, the defendant has again failed to provide the documentation requested by the court. In fact, the defendant has simply directed the court back to the same documentation already considered and rejected by the court.

      2.     Mountain Management Inc.-Chris Stoddard

The claim for this witness continues despite the fact that he was not disclosed as a witness in this case, was not deposed and did not testify at trial. In response to the court's directive to provide additional supporting documentation for this claim, the defendant has again relied on the exact same argument and documentation already considered and rejected by the court.

The defendant apparently believes that the plaintiff should pay for its speculation that plaintiff's expert might make some reference to Mr. Stoddard's writings. This argument completely ignores the fact that Mr. Stoddard was never disclosed as an expert or any other kind of witness in this case, and that he probably would not have been allowed to testify even

RISCASSI & DAVIS, P.C.
ATTORNEYS-AT-LAW
131 OAK STREET
P. O. BOX 261557
HARTFORD, CT 06126-1557
(860) 522-1196
JURIS NO. 50361

if plaintiff's expert referenced his writings. More importantly, this argument is almost word-for-word the same argument that the court has already considered and rejected. (See page 7b of defendant's Reply to Plaintiff's Objection to Defendant's Bill of Costs, filed February 3, 2003.)  In short, the defendant has failed to give the court any reason to change its ruling on this claim.

      3.     Bruce Schmidt

As with the other aspects of the defendant's Renewal, the argument put forth regarding this witness is nothing more than a re-packaging of the argument already ruled upon by the court. Mr. Schmidt was not listed as a witness by the defense on the pre-trial order, nor was he called upon to testify at trial. As the defendant concedes in its memorandum, Mr. Schmidt was present at the trial as Okemo's representative. As such, any expenses he incurred while representing his employer are not taxable to the plaintiff.

      4.     John Carrick

Once again, the defendant has failed to provide the court any reason for changing its ruling regarding this witness. The defendant submitted the exact same invoice in its first Bill of Costs and the exact same argument in its memorandum filed February 3, 2003. Both this argument and documentation have already been considered and rejected by the court.

      5.     Robson Lapina, Inc.

5

In its ruling the court was quite specific that it would only allow costs beyond the statutory fee of $40.00 if the defendant supplied it with sufficient documentation to support its claim.  It goes without saying that the defendant has the burden of supporting its claims for reimbursement of these expenses and it has not done so.  Here again, the defendant has chosen to simply re-iterate the same arguments that it made in the initial memoranda regarding its bill of costs and has not made any effort to supply the court with the additional information requested.

For all of the foregoing, the plaintiff submits that the court's ruling on the defendant's Bill of Costs be left to stand and that the defendant's Renewal be denied.

THE PLAINTIFF,

BY

Andrew S. Groher (ct04304)
RisCassi and Davis, P.C.
131 Oak Street
P.O. Box 261557
Hartford, CT  06126-1557
agroher@riscassidavis.com
(860) 522-1196
(860) 246-5847

6

## **CERTIFICATION**

This is to certify that on this 24th day of January, 2003, a copy of the foregoing was mailed, first-class, postage prepaid to:

Mark B. Seiger, Esq.
Charles F. Gfeller, Esq.
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103

_____
Andrew S. Groher

7