UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

LISA SACRAMONE                  :
                                :
v.                              :   CIV. NO. 3:00CV1454 (HBF)
                                :
OKEMO MOUNTAIN, INC. d/b/a      :
OKEMO MOUNTAIN RESORT           :


RULING ON DEFENDANT'S RENEWAL OF BILL OF COSTS [DOC. #84]

On August 19, 2004, the clerk of the court granted in part and denied in part defendant's bill of costs. Costs were awarded in the amount of $3,875.78, with leave to supplement the record to support certain costs that were provisionally disallowed. [Doc. #83].

On September 2, 2004, defendant filed a motion with exhibits. [Doc. #84]. Plaintiff filed an objection. [Doc. #85]. Defendant filed a reply brief on September 9, 2004. [Doc. #86].

Deposition of John Carrick

Defendant submits a claim for the cost of the deposition transcript of John Carrick in the amount of $684.23.

The cost of the original and one copy of transcripts of pre-trial proceedings are taxable if they are necessarily obtained for use in the case. D. Conn. L. Civ. R. 54(c)(2)(i). Court reporter's fees are taxed at the prevailing page rate pursuant to

1

D. Conn. L. Civ. R. 80.  Maximum transcript rates for an original and one copy are $3.75 per page.

On renewal, defendants argue that this deposition was "necessarily obtained for the preparation of the case" pursuant to D. Conn. L. Civ. R. 54(c)(2)(ii) because Carrick was disclosed as plaintiff's liability expert.  At trial, plaintiff did not call Carrick to testify, though he remained on plaintiff's witness list.  For these reasons, the Court finds that Mr. Carrick was deposed out of necessity and, thus, the cost of the deposition transcript is a taxable cost.  Accordingly, the Court will allow this cost pursuant to the prevailing page rate of $3.75 per page.[1]  D. Conn. L. Civ. R. 80; Doc. #83 at 2.

<u>Deposition of Bruce Schmidt</u>

This claim is disallowed for the reasons stated in the Clerk's ruling dated August 19, 2004. [Doc. #83 at 4].

<u>Witness Fee for Jude Kravitz</u>

Defendant submits a claim for witness fees for Jude Kravitz, the defendant's liability expert, who testified both in deposition and at trial.  The Clerk originally dismissed defendant's claim for failure to provide proper documentation showing that witness fees were paid to Ms. Kravitz.  The Court

---

[1] Though costs will be awarded at the prevailing page rate, the Court has no record with which to determine the length of this transcript.  Defendant is to determine this cost based on the number of pages of the transcript at the prevailing rate of $3.75 per page.  Parties may petition the Court for further review in the event of a dispute as to the amount of these costs.

reconsiders this ruling below.

Witness fees are taxable when the witness has actually testified or was necessarily in attendance at trial, and witness fees for attendance at a deposition are recoverable if the deposition is a taxable cost. D. Conn. L. Civ. R. 54(c)(4)(i). Under D. Conn. L. Civ. R. 54(c)(2)(ii), fees for nonparty deponents, including mileage and subsistence, are taxable at the same rate as for attendance at trial, where the deposition is a taxable cost. Pursuant to 42 U.S.C. § 1821(b), a witness is to be paid an attendance fee of $40.00 per day for each day's attendance and for the time necessarily occupied in going to and returning from the place of attendance.

Defendant submits an invoice from Jude Kravitz, dated 12/16/02, which itemizes certain fees charged to defendant. Among those fees are listed "Deposition" on 11/8/02 for $500 (5 hours at $100 per hour) and "Trial" on 12/9/02 and 12/10/02 for $1,500 (15 hours at $100 per hour). Because the documentation shows that the expert witness charged the defendant for her time during testimony, the statutory attendance fee of $40.00 per day is allowed. Accordingly, defendant is entitled to witness fees of $120 (3 days of testimony at $40 per day).
Costs are awarded for Ms. Kravitz in the amount of **$120**.

<u>Witness Fee for Mountain Management, Inc.- Chris Stoddard</u>

On renewal, defendant identified the witness for Mountain

Management, Inc. as Chris Stoddard, its principal. Defendant claims Mr. Stoddard was present in court to serve as a possible rebuttal witness at trial. Defendant argues that "[i]t was anticipated that Helge Lien would testify concerning his interpretation of Mr. Stoddard's book relating to chair lift operations." [Doc. #84 at 3]. However, Mr. Stoddard did not testify at trial.

Defendant has failed to show any reason why Mr. Stoddard's presence in court was necessary pursuant to D. Conn. L. Civ. R 54(c)(4)(i), discussed above, beyond a mere cursory allegation that he might be called to rebut plaintiff's expert's references to his writings. Mr. Stoddard was not disclosed as a witness at any time. Moreover, though defendant submits thorough substantiation of expenses incurred by Mr. Stoddard during his travel to Hartford (including parking and airfare as would be required by statute if compensable), defendant has not shown that an attendance fee was paid specifically for the time that Mr. Stoddard was in court in Bridgeport. The invoice submitted shows a charge of $462.20 for "Travel to Bridgeport & Hartford CT, Assist with trial" between 12/2/02 and 12/6/02. This documentation does not say anything about Mr. Stoddard's "attendance at trial" pursuant to D. Conn. L. Civ. R. 54(c)(4)(i). Accordingly, this claim is disallowed.

Witness Fee for Bruce Schmidt

Defendant submits a claim for witness fees for Bruce Schmidt.  On renewal, defendant argues that Bruce Schmidt was necessarily in court for the trial, as Okemo's representative, and that, "Defendant anticipated that Mr. Schmidt could be called to testify at trial." [Doc. #84 at 3].  Under D. Conn. L. Civ. R. 54(c)(4)(i), fees are taxable when a *witness* was necessarily in attendance at trial.  Mr. Schmidt was not listed as a witness by the defense, nor did he testify at trial.  For purposes of the trial, there is no indication that his presence in court was necessary nor did he, at any time, appear in court to assume the role of a witness.  Moreover, defendant has not shown that the statutory attendance fee of $40.00 per day, or any other amount, was paid to Bruce Schmidt for his attendance at trial.  Accordingly, this claim is disallowed.

Witness Fee for John Carrick

Defendant submits a claim for witness fees for John Carrick, of Carrick Engineering Corp., who was one of the plaintiff's liability experts.  Mr. Carrick was on the plaintiff's trial witness list and was deposed by defendant, though, ultimately, he did not testify at trial.  The court disallowed witness fees for Mr. Carrick because he did not testify at trial.  On reconsideration, the defendant has clarified that it is seeking witness fees, including subsistence and mileage, for Mr. Carrick

as a deposition witness.

Witness fees for attendance at a deposition are recoverable if the deposition is a taxable cost pursuant to D. Conn. L. Civ. R. 54(c)(4)(i). Under D. Conn. L. Civ. R. 54(c)(2)(ii), fees for nonparty deponents, including mileage and subsistence, are taxable at the same rate as for attendance at trial, where the deposition is a taxable cost.

Because the court has found that Mr. Carrick's deposition is a taxable cost, his witness fees, including subsistence and mileage, also would be taxable costs, provided that defendant has submitted proper documentation. Defendant has submitted only an invoice from the Carrick Engineering Corporation with some itemization of fees and expenses as supporting documentation for its claim. On the invoice, Carrick Engineering has charged a fee of $150.00 per hour for travel, review, deposition, and meeting, totaling $3900. Carrick Engineering has also charged defendant expenses of airfare, hotel, lunch, airport parking, mileage of 48 miles at $0.34 per mile, tips, and taxi (Hartford), totaling $1344.32. However, defendant has failed to submit supporting receipts for any of the expenses claimed. The court calculates defendant's recoverable costs below.

The $40.00 statutory attendance fee is allowed, as the supporting documentation shows that defendant paid Mr. Carrick a far higher sum ($3900) for his travel and attendance. Pursuant to 42 U.S.C. §1821(b), a witness is to be paid an attendance fee

of $40.00 per day for each day's attendance and for the time necessarily occupied in going to and returning from the place of attendance.  The invoice submitted shows that Mr. Carrick traveled from Colorado to Hartford on 4/22/2002, and was deposed and made the return trip to Colorado on 4/23/2002.  Accordingly, defendant is entitled to the statutory $80 (2 days at $40 per day) for witness fees.

Because defendant has not submitted receipts to support any of the expenses claimed, defendant is not entitled to recover costs for airfare or parking fees.  See 42 U.S.C.A. §1821(c)(1),(3)(2005).  Defendant would only be entitled to recover taxicab fares between places of lodging and carrier terminals.  42 U.S.C.A. § 1821(c)(3)(2005); D. Conn. L. Civ. R. 54(c)(4)(iii).  Because there is no indication on the invoice that the taxicab fare charged was for such a purpose, no costs for this expenses are allowed.  However, defendant is entitled to recover the statutory mileage allowance paid to the witness for travel between the witness's residence and the airport from which he departed for the location of the deposition.  According to the invoice, Carrick Engineering charged the defendant for 48 miles at 34 cents per mile, totaling $16.32.  This falls below the 36.5 cents per mile allowed by statute in 2002.  Accordingly, defendant is entitled to recover $16.32 for mileage expenses.

Defendant's claim for subsistence expenses is allowed, as the place of attendance was so far removed from the witness's

7

place of residence as to prohibit return thereto from day to day. 42 U.S.C.A. § 1821(d)(1)-(2); D. Conn. L. Civ. R. 54(c)(4)(ii). Carrick Engineering charged the defendant $195.00 for a one-night stay at a hotel and $13.00 for lunch. The maximum per diem rates in Hartford, CT in 2002 were $120.00 for lodging and $31.50 for meals and incidental expenses for the first and last days of an overnight stay. Thus, defendant is entitled to recover $120.00 for lodging expenses and $13.00 for the meal expense claimed, for a total of $133.00.

Costs are awarded for Mr. Carrick's fees and expenses in the amount of **$229.32.**

<u>Witness Fee for Robson Lapina, Inc.</u>

Defendant submits a claim for further costs for deposition witness Helge Lien of Robson Lapina, Inc. Defendant was previously awarded only the $40.00 statutory attendance fee, based on documentation that the witness was paid $275 per hour for his deposition. Defendant seeks costs for all fees charged, as well as lodging, tolls, and mileage.

The $40.00 statutory attendance fee remains allowed. Pursuant to 42 U.S.C. § 1821(b), a witness is to be paid an attendance fee of $40.00 per day for each day's attendance and for the time necessarily occupied in going to and returning from the place of attendance. The invoice submitted by Robson Lapina shows that Mr. Lien traveled from Pennsylvania to Hartford on

5/6/2002, and was deposed and made the return trip to Pennsylvania on 5/7/2002. Accordingly, defendant is entitled to the statutory $80 (2 days at $40 per day) for witness fees.

Defendant is also entitled to reimbursement for any toll charges incurred, despite that defendant did not submit a receipt for such charges. 42 U.S.C.A. § 1821(c)(3). Accordingly, costs for tolls are allowed in the amount of $3.00.

Defendant's claim for mileage is allowed at the statutory rate. Because the defendant has failed to submit any documentation regarding actual miles traveled, the court calculates the mileage between Lancaster, Pennsylvania and Hartford, Connecticut using the Rand McNally Standard Highway Mileage Guide, pursuant to 28 C.F.R. § 21.5. The round trip mileage between the two cities totals 555 miles. Under D. Conn. L. Civ. R. 54(c)(4)(iii), the "100-mile" rule, which limits the total taxable mileage of a witness to 200-miles round trip, will not be applied where it has been demonstrated that the witness's testimony was relevant and material and had a bearing on essential issues of the case. Because Mr. Lien was the plaintiff's expert witness and testified at trial, the court finds that his deposition testimony was relevant and material and had a bearing on essential issues of the case. The statutory mileage rate in 2002 was 36.5 cents per mile. Accordingly, defendant is entitled to recover $202.58 (555 miles at 36.5 cent per mile) for mileage expenses.

Defendant's claim for subsistence expenses is allowed at the statutory rate.  As stated above, the maximum per diem rate for lodging in Hartford in 2002 was $120.  Defendant claims an expense of $62.72.  Accordingly, defendant is entitled to recover $62.72 for subsistence expenses.

Costs are awarded for Mr. Lapina's fees and costs in the amount of **$348.30.**

<u>Plaintiff's Claim that Renewal Motion Was Untimely</u>

Plaintiff claims that defendant's renewal was not timely filed.  Defendant was given ten (10) days from August 19, 2004 to file a renewal of its bill of costs.  According to Fed. R. Civ. P. 6(a), when the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays are excluded in the computation.  Thus, defendant had until September 2, 2004 to file its renewal, and did so on that date.

Accordingly, plaintiff's objection based on timeliness is overruled.

<ins>Summary</ins>

For the reasons previously stated, the defendant's renewal of bill of costs are allowed as follows:

| | |
|---|---|
| Fees of the Court Reporter | To be determined in accordance with this ruling. |
| Fees for Witnesses | $697.62 |

SO ORDERED at Bridgeport this 12th day of August 2005.

```
____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```